UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



───────────────────────────────

WELLIVER MCGUIRE, INC. and
TECHNOLOGY INSURANCE COMPANY
INC.,

        Plaintiffs,

v.

ACE AMERICAN INSURANCE COMPANY,

        Defendant.

───────────────────────────────

**DECISION AND ORDER**

6:17-CV-06040 EAW

## INTRODUCTION

Plaintiffs Welliver McGuire, Inc. ("Welliver") and Technology Insurance Company Inc. ("Technology") (collectively, "Plaintiffs") bring this action in diversity against defendant ACE American Insurance Company ("Defendant"), seeking a declaration that Welliver qualifies as an additional insured under Defendant's insurance policy with Davis-Ulmer Sprinkler Co. Inc. ("Davis-Ulmer"). (Dkt. 1). Presently before the Court is Defendant's unopposed motion for summary judgment. (Dkt. 24). For the following reasons, Defendant's motion is granted.

## BACKGROUND

The following facts are taken from Defendant's Statement of Undisputed Material Facts (Dkt. 24-1) and supporting documents. Plaintiffs have not controverted any of the facts asserted by Defendant, and the Court accordingly deems the facts as true for purposes of this motion. *See* L.R. Civ. P. 56(a)(2) ("Each numbered paragraph in the moving party's

statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement.").

On February 1, 2013, Welliver was hired by Valentine Vision Associates, LLC ("Valentine") to be the general contractor for a construction project known as the "Collegetown Apartments, Buildings 5 and 6," in Ithaca, New York (the "Project"). (*Id.* at ¶ 4). Technology is Welliver's commercial general liability insurer. (*Id.* at ¶ 2). Pursuant to a contract dated April 30, 2013, Welliver hired Davis-Ulmer to provide all labor, supervision, material, tools, and equipment required to complete all fire suppression work for the Project. (*Id.* at ¶ 6). While installing the sprinkler system, Davis-Ulmer used incorrect caulking. (*Id.* at ¶ 8). On or about August 1, 2013, Valentine transferred its rights, title, and interest in the Project to VVA Phase III, LLC ("Owner"). (*Id.* at ¶ 7).

Defendant issued commercial general liability ("CGL") policy number HDO G24555793 001 to "APi Group, Inc.," for the policy period of December 31, 2014, to December 31, 2015 ("the Policy"). (*Id.* at ¶ 3). Davis-Ulmer is a named insured pursuant to Endorsement 13 attached to the Policy (Dkt. 24-4 at 95), and Welliver contends Davis-Ulmer agreed to secure liability insurance which would also name Welliver as an insured[1] (Dkt. 1 at ¶ 14). The Policy states that it "applies to 'bodily injury' and 'property damage' only if . . . the 'bodily injury' or 'property damage' occurs during the policy period," and

---

[1] Defendant concedes for purposes of this motion that Plaintiffs have "potentially satisfie[d]" that Welliver was an additional insured under the Policy. (Dkt. 24-2 at 11).

"only if . . . the 'bodily injury' or 'property damage' is caused by an 'occurrence.'" (Dkt. 24-4 at 60).

On May 30, 2016, the sprinkler system piping installed by Davis-Ulmer in Building 5 began to leak, and after May 31, 2016, more leaks and bursts developed in the piping installed at the Project. (Dkt. 24-1 at ¶¶ 12-13). Davis-Ulmer began repairing the sprinkler system defects. (*Id.* at ¶ 14). On or about the evening of June 6, 2016, or early morning of June 7, 2016, employees of Davis-Ulmer removed a sprinkler pipe from its coupling on the fourth floor of Building 6 but failed to reconnect the pipe before turning the sprinkler system on and leaving for the day. (*Id.* at ¶ 15). As a result, severe flooding and substantial damage was caused to Building 6. (*Id.*).

Plaintiffs filed the instant action on January 12, 2017 (Dkt. 1), and Defendant filed its Answer on March 17, 2017 (Dkt. 9). Discovery closed on July 31, 2018 (Dkt. 22), and Defendant filed the motion for summary judgment presently before the Court on January 30, 2019 (Dkt. 24), to which Plaintiffs submitted no response.

On March 30, 2018, Owner filed a lawsuit in New York State Supreme Court, Tompkins County against Davis-Ulmer and Welliver alleging breach of contract, unjust enrichment, negligence, and gross negligence. (Dkt. 24-5).

## DISCUSSION

### I. Legal Standard

"[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be

granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact[.]" *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654 F.3d at 358. Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

## II. **Defendant's Motion for Summary Judgment**

Defendant contends it is entitled to summary judgment because the property damage did not occur during the Policy period, and there was no property damage caused by an "occurrence" as defined in the Policy. The Court grants Defendant's motion for the reasons that follow.

"An insurance carrier has a duty to 'investigate in good faith and pay covered claims.'" *Gutierrez v. Gov't Emps. Ins. Co.*, 136 A.D.3d 975, 976 (2d Dep't 2016) (quoting *Bi-Economy Market, Inc. v. Harleysville Ins. Co. of N.Y.*, 10 N.Y.3d 187, 195 (2008)). "[A]n insurer's duty to defend is the same regardless of whether the defendant is a named insured in the policy or is instead an additional insured." *Wausau Underwriters Ins. Co. v. Old Republic Gen. Ins. Co.*, 122 F. Supp. 3d 44, 49 (S.D.N.Y. 2015). However, "the burden is on the insured to establish coverage in the first instance." *Fisher v. Geico Gen. Ins. Co.*, 378 F. Supp. 2d 444, 447 (S.D.N.Y. 2005); *see Consol. Edison Co. of N.Y. v. Allstate Ins. Co.*, 98 N.Y.2d 208, 218 (2002) ("Generally, it is for the insured to establish coverage[.]").

In the instant matter, Plaintiffs have failed to establish coverage. The record before the Court shows that the Policy was in effect from December 31, 2014, to December 31, 2015 (Dkt. 24-4 at 59), and the Policy states that it "applies to . . . 'property damage' only if . . . 'property damage' occurs during the policy period." (*Id.* at 60). The water damage to the Property did not begin occurring until May 2016 (Dkt. 24-1 at ¶ 12), several months after the end of the policy period. Additionally, to the extent it could be argued that the

injury occurred when Davis-Ulmer used the faulty caulking to install the sprinkler system, *see Maxum Indem. Co. v. A One Testing Labs., Inc.*, 150 F. Supp. 3d 278, 285 (S.D.N.Y. 2015) ("When faulty workmanship in building materials is the gravamen of an allegation of property damage, under an injury-in-fact analysis, the injury may be said to occur at the time of installation." (quotation omitted)), Plaintiffs have also failed to establish that any or all of the faulty work on the Project was completed during the Policy period. The contract between Welliver and Davis-Ulmer for installation of the sprinkler system provided that Davis-Ulmer "shall commence work on April 8, 2013" and that completion "should be no later than May 30, 2014" (Dkt. 24-7 at 2-3 (emphasis omitted)), well before the December 31, 2014, coverage date of the Policy. *See Maxum Indem. Co.*, 150 F. Supp. 3d at 285 (holding the policy did not cover the asserted claims because "they would have occurred prior to the policy period and thus be excluded from coverage"). Additionally, no other evidence of record shows that Davis-Ulmer installed any sprinkler systems between December 31, 2014, and December 31, 2015, and "speculation alone is insufficient to defeat a motion for summary judgment." *McPherson v. N.Y.C. Dep't of Educ.*, 457 F.3d 211, 215 n.4 (2d Cir. 2006). Accordingly, the Court finds Plaintiffs have failed to meet their burden of establishing that the Policy covered them for the damage to the Property, and summary judgment in favor of Defendant is appropriate. *See Downey v. 10 Realty Co., LLC*, 78 A.D.3d 575, 575-76 (1st Dep't 2010) (holding insurance company had no duty to insured where the injury suffered occurred after the policy period); *Acorn Ponds, Inc. v. Hartford Ins. Co.*, 105 A.D.2d 723, 724-25 (2d Dep't 1984) (same).

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. 24) is granted. The Clerk of Court is instructed to enter judgment in favor of Defendant and close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: September 16, 2019
      Rochester, New York